1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11

JOSE M. OCHOA TAMAYO,

12

        Plaintiff,

13

        v.

14

CAROLYN W. COLVIN, Acting

15

Commissioner of the Social
Security Administration,[1]

16

        Defendant.

17

_____

) Case No. CV 12-8484 JCG
)
)
) **MEMORANDUM OPINION AND**
) **ORDER**
)
)
)
)
)
)
)
)

18
19
20
21
22
23
24
25

    Jose M. Ochoa Tamayo ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for supplemental security benefits. Three issues are presented for decision, namely (1) whether the Administrative Law Judge ("ALJ") erred in his assessment of Plaintiff's residual functional capacity ("RFC"), (*see* Joint Stip. at 3-4); (2) whether the ALJ improperly rejected Plaintiff's credibility, (*see id.* at 4-5); and (3) whether the ALJ erred in finding that work exists in the national economy that Plaintiff can perform, (*see id.* at 12-14, 17-18).

26
27

---

    [1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1    The Court addresses – and rejects – Plaintiff's contentions below.

2        A.    The ALJ's Assessment of Plaintiff's RFC

3        First, Plaintiff contends that the ALJ erred in finding that he could

4    "occasionally engage in fine [] manipulation" with his right arm.  (Joint Stip. at 3;

5    Administrative Record ("AR") at 20.)  Specifically, Plaintiff argues that the ALJ

6    accepted the opinions of the consultative examiner and State Agency consultants as

7    to Plaintiff's total inability to perform fine manipulation with his right arm, but

8    ignored them in his RFC finding.  (*Id.*)  Defendant responds that, even if the RFC

9    contained an error, the vocational expert ("VE") identified a viable occupation that

10   required *no* use of the right arm, and thus, any error was harmless.  (Joint Stip. at 7.)

11       "A decision of the ALJ will not be reversed for errors that are harmless."

12   *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (*citing Curry*

13   *v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)); *Molina v. Astrue*, 674 F.3d 1104,

14   1117 (9th Cir. 2012) ("We have long recognized that harmless error principles apply

15   in the Social Security Act context.").  An error is harmless when it is

16   "inconsequential to the ultimate nondisability determination."  *Molina*, 674 F.3d at

17   1107.  "[T]he burden of showing that an error is harmful normally falls upon the

18   party attacking the agency's determination."  *Id.* at 1111 (*quoting Shinseki v.*

19   *Sanders*, 556 U.S. 396, 409 (2009)).

20       In this case, any error committed by the ALJ was harmless because it was

21   inconsequential to the ultimate nondisability determination.  *See Molina*, 674 F.3d at

22   1115.  Indeed, in his hypothetical to the VE, the ALJ included the very omission of

23   which Plaintiff now complains.  (AR at 47.)  The ALJ specifically asked the VE to

24   determine if work exists for one who "is *precluded* from fine manipulation with the

25   dominant hand."  (*Id.*) (emphasis added).  The VE identified "conveyor line bakery

26   worker" as a feasible option and noted "that the job could be accommodated . . . that

27   the restriction of the right [] dominant hand as an assist would not preclude that

work."  (*Id.*)  The ALJ continued, "If the individual does not have use of the right

1  upper extremity even for assistance.  So there's no assist from the upper right
2  extremity.  Would such an individual still be able to perform this job?"  (*Id.* at 50.)
3  The VE replied, "I believe they could.  Again, it's just, it's removing something
4  defective off a conveyor."  (*Id.*)  Because the VE identified a job that requires *no* use
5  of the right arm, thereby accommodating a greater restriction than that allegedly
6  omitted, Plaintiff has not shown that the omission affected the ultimate result in his
7  case.  As such, any error was harmless and Plaintiff's first argument fails.

8          B.      The ALJ's Rejection of Plaintiff's Credibility

9          Next, Plaintiff argues that, in finding that he had the RFC to perform light
10  work, the ALJ improperly rejected his subjective complaints.  (Joint Stip. at 4.)
11  Specifically, Plaintiff complains that the ALJ failed to consider his testimony that he
12  could only lift ten to fifteen pounds with his left hand.[2/]

13          In evaluating the credibility of a claimant's testimony as to subjective pain
14  or the intensity of symptoms, the ALJ engages in a two-step analysis:

15          (1) the ALJ must first determine whether there is objective medical
16          evidence of an underlying impairment which could reasonably be
17          expected to produce the pain or other symptoms alleged, and (2) if
18          the claimant has presented such evidence, and there is no evidence
19          of malingering, then the ALJ must give specific, clear and
20          convincing reasons to reject the claimant's testimony about the
21          severity of the symptoms.

22  *Molina*, 674 F.3d at 1112 (citation omitted); *see Bunnell v. Sullivan*, 947 F.2d 431
23  (9th Cir. 1991) (summarizing legislative history, including a proposed standard
24  permitting a finding of disability based *solely* on subjective complaints, but which

25  _____

26  [2/] Plaintiff also complains that the ALJ failed to consider testimony that he could
27  only lift five pounds with his right hand.  (Joint Stip. at 4; AR at 20, 41-42.)  As
    noted above, any error in this regard was harmless because the VE identified a
    position that did not require any use of Plaintiff's right extremity.  (*See* AR at 50.)

3

1   "has never been embraced by Congress, the Secretary or this Circuit."); *see also* 20

2   C.F.R. § 404.1529 ("statements about your pain or other symptoms will not alone

3   establish that you are disabled; there must be medical signs and laboratory findings

4   which show that you have a medical impairment(s) which could reasonably be

5   expected to produce the pain or other symptoms alleged.").

6       Here, Plaintiff cannot satisfy step one of the analysis.  There is no objective

7   medical evidence of any impairment to Plaintiff's left arm.  (*See* AR.)  Plaintiff

8   never alleged any injury to his left arm, nor did he seek any such treatment.  (*Id.*)  In

9   fact, there is only one mention of Plaintiff's left arm in the whole of his medial

10  records, specifically, that he has a left-arm grip strength of ninety-five pounds.[3/]  (*Id.*

11  at 274.)  Because Plaintiff presented no objective evidence of an impairment, the

12  Court need not inquire whether the ALJ gave "specific, clear and convincing

13  reasons" for rejecting testimony as to his left arm.  Plaintiff's second argument thus

14  fails.

15      C.    The ALJ's Finding That Work Exists in the National Economy That
                Plaintiff Can Perform

16

17      Finally, Plaintiff contends that the ALJ erred in finding that work exists in

18  the national economy that he can perform.  (Joint Stip. at 3.)  Specifically, Plaintiff

19  argues that because the VE identified only one viable occupation, the ALJ's decision

20  lacks substantial evidence.  (*Id.* at 12-14.)

21      The ALJ has the burden of proving that work exists in the national economy

22  that a claimant can perform.  *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.

23  1995).  "Work exists in the national economy when there are a significant number of

24  jobs (*in one or more occupations*) having requirements which you are able to meet

25  with your physical or mental abilities and vocational qualifications."  20 C.F.R. §

26

27      [3/] One page of a medical record from UCLA Medical Center lists the laceration
    and surgical scars as being on Plaintiff's left arm.  (AR at 225.)  The Court finds this
    to be a mere typographical error.

1   404.1566(b) (emphasis added).  "[O]ne job within the [relevant] category is

2   sufficient, as long as the one occupation still has a significant number of positions

3   that exist in the national economy.  *Udell v. Colvin*, 2013 WL 4046465, at \*7 (S.D.

4   Cal. Aug. 8, 2013); *see, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir.

5   2008); *see also Gaspard v. Comm'r Soc. Sec. Admin.*, 609 F. Supp. 2d 607, 613-14

6   (E.D. Tex. 2009) (*citing Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995))

7   ("The Commissioner's burden . . . is satisfied by showing the existence of only one

8   job with a significant number of available positions that the claimant can

9   perform.").[4/]

10  Even in the face of the plain language of the statute, Plaintiff maintains that

11  substantial evidence can never support a nondisability finding based on one job

12  alone.  (Joint Stip. at 3.)  Plaintiff roots his argument in the holding of *Lounsburry v.*

13  *Barnhard*, 468 F.3d 1111 (9th Cir.) *as amended* (2006).  However, his reliance is

14  misplaced, as *Lounsburry* is easily distinguishable from the case at bar.

15  In *Lounsburry*, the claimant was of advanced age (62), *see* 20 C.F.R. §

16  404.1563(e), retained transferrable skills from her previous employment, and was

17  capable of light work.  *Id.*; *see* 20 C.F.R. § 404, Subpt. P, App. 2.  The ALJ found

18  the claimant to be capable of one occupation and concluded that she was not

19  disabled.  *Lounsburry*, 468 F.3d at 1113.

20  On appeal, the Ninth Circuit held that the ALJ erred by not applying Rule

21  202.00(c).  *Id.* at 1116; *see* 20 C.F.R. § 404, Subpt. P, App. 2.  Rule 202.00(c)

22  provides that "for individuals of advanced age who can no longer perform

23  vocationally relevant past work and . . . who have only skills that are not readily

24

25  [4/] Plaintiff does not argue that 97,000 local and 300,000 regional conveyor line

26  positions are not "sufficiently significant."  While the Ninth Circuit has not set out a
    bright-line rule for what constitutes a 'significant number' of jobs, courts have

27  accepted *far* fewer than the number in this case.  *See Beltran v. Astrue*, 700 F.3d
    386, 389 (9th Cir. 2012) (compiling cases).

1   transferable to a *significant range* of semi-skilled or skilled work that is within the

2   individual's functional capacity . . . the limitations in vocational adaptability

3   represented by functional restriction to light work warrant a finding of disabled."

4   *Lounsburry*, 468 F.3d at 1116 (emphasis added); *see* 20 C.F.R. § 404, Subpt. P, App.

5   2.  The Court held that one job does not satisfy the statute's "significant range"

6   requirement, and the claimant was, in fact, disabled.  *Lounsburry* 468 F.3d at 1116.

7          Plaintiff argues that the "significant range" requirement applies to his case.

8   (Joint Stip. at 3.)  However, he ignores the plain language of the rule.  Rule

9   202.00(c) speaks only to individuals of advanced age, who retain transferable skills,

10  and are capable of light work.  *See* 20 C.F.R. § 404, Subpt. P, App. 2.  The rule does

11  not apply where, as here, Plaintiff is a younger person, with no transferable skills,[5]

12  and is capable of light work.  (*See* AR at 23.)

13         The facts and holding of *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir.

14  2008) are instructive on this point.  In *Tommasetti*, the claimant was of advanced

15  age, retained transferrable skills, and was capable of sedentary work.  *Id.* at 1043.

16  The ALJ found him nondisabled based on his ability to perform one job.  *Id.*  On

17  appeal, the claimant argued that the "significant range" requirement applied to his

18  case.  *Id.*  The Ninth Circuit disagreed and "rejected the claimant's attempt to graft

19  rules applicable to the light exertion grid onto the sedentary exertion grid."  *Id*. at

20  1044.  Here too, the Court rejects Plaintiff's attempt to apply rules for individuals of

21  advanced age with transferable skills to younger individuals with no transferable

22  skills.

23         Based on the plain language of both the statute (20 C.F.R. § 404.1566(b)) and

24  Rule 202.00(c), because Plaintiff is capable of performing one job, substantial

25  ────────────────

26  [5]In his decision, the ALJ said that it was irrelevant whether Plaintiff had any
    transferrable skills because he would be found nondisabled either way.  (AR at 23.)
27  However, in his hypothetical to the VE at Plaintiff's hearing, the ALJ stated that
    Plaintiff had no transferrable skills.  (*Id.* at 44.)

1   evidence supports the ALJ's nondisability determination.  As such, Plaintiff's third

2   argument fails.

3          Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

4   **AFFIRMING** the decision of the Commissioner denying benefits.

5

6   Dated: October 11 , 2013

7                                                    _____

8                                                         Hon. Jay C. Gandhi
                                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27